PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB MIDAY, | ) | |
| | ) | CASE NO. 4:25CV1833 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| HARLANS AUTO CARE, LTD, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 26 and 28] |

Pending is Defendants Harlans Auto Care, Ltd ("Harlans") and Jack M. Harlan III's ("Mr. Harlan") Renewed Motion for Judgment on the Pleadings. ECF No. 26. Defendants move the Court to dismiss the First Amended Collective Action Complaint (ECF No. 12) because Plaintiff Jacob Miday was paid as a commissioned employee and is exempt from overtime. For the reasons set forth in Section III below, Defendants' motion is denied as moot.

Also pending is Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter* (ECF No. 28), filed one day after Defendants' renewed dispositive motion. Plaintiff seeks leave to amend his affirmative pleading to: (1) conform the pleadings to the facts revealed by Defendants' recent production of payroll data and time logs; (2) assert necessary factual allegations regarding uncompensated "diagnostic time" and the "piece-rate" nature of

Defendants' pay plan; and (3) allege the specific mathematical failure of the requirements for the Section 7(i) retail or service commission exemption to the overtime provisions of the FLSA during the relevant period. *See* 29 U.S.C. § 207(i). Plaintiff attached the proposed Second Amended Collective Action Complaint (ECF No. 28-1) to the motion. For the reasons set forth in Section II below, Plaintiff's motion is granted.

## I. Background

On September 3, 2025, Plaintiff filed a Collective Action Complaint for Violations of the Fair Labor Standards Act ("FLSA") and Ohio Minimum Fair Wage Standards Act ("OMFWSA") (ECF No. 1). On November 2, 2025, he filed a First Amended Collective Action Complaint for Violations of the FLSA and OMFWSA (ECF No. 12).

Plaintiff alleges he is a former non-exempt hourly employee of Defendants. He brings a putative collective action for willful violation of the overtime provisions of the FLSA (Count I) and a state-law claim for violation of the OMFWSA and Article II, Section 34a of the Ohio Constitution (Count II). Mr. Harlan is the owner and/or principal of Harlans, whom supervised and/or controlled Plaintiff's employment. In March 2024, Plaintiff was hired as an Auto Repair Technician. Defendants allegedly did not pay Plaintiff or the putative Collective Class Members overtime for any hours worked over 40 in a single workweek. According to Plaintiff, he and the putative Collective Class Members were required to attend morning meetings lasting approximately 30 minutes, for which they were not paid, resulting in additional unpaid overtime. Plaintiff also asserts that Defendants did not keep accurate records of pre-shift meetings and other time worked. Plaintiff does not, however, state when his employment was terminated.

Plaintiff requests back pay, unpaid overtime, liquidated damages under the FLSA, exemplary damages under the OMFWSA, statutory damages under Ohio Rev. Code § 4113.15, prejudgment and post-judgment interest, reasonable attorneys' fees, and costs.

Defendants filed their Answer to the First Amended Collective Action Complaint (ECF No. 21) on November 17, 2025, but did not file a Motion for Judgment on the Pleadings (ECF No. 23) until January 5, 2026. Defendants subsequently filed a Notice of Withdrawal of 12(c) Motion (ECF No. 24) "pending further consultations between the parties and additional document discovery." On January 15, 2026, ECF No. 23 was marked withdrawn. *See* Order (ECF No. 25).

## II. ECF No. 28

The Court requires the party seeking leave of court to amend to "certify that prior notice of the proposed amendment was given and the adverse party withheld consent." Case Management Plan ("CMP") (ECF No. 17) at PageID #: 91, ¶ 11. In compliance therewith, Plaintiff's counsel conferred with Defense counsel by telephone on January 20, 2026 to determine whether Defendants would oppose the proposed amendment. *See* ECF No. 28 at PageID #: 147. Notably, this occurred the day before Defendants filed their Renewed Motion for Judgment on the Pleadings (ECF No. 26). Thus, Defendants were fully aware of the proposed amendment *before* they chose to file ECF No. 26. After Plaintiff's counsel renewed his inquiry by email on January 21, 2026, Defense counsel indicated that he "could not consent" to the filing of the proposed Second Amended Complaint. *See* ECF No. 28 at PageID #: 147.

### A.

Under Fed. R. Civ. P. 16(b)(3)(A), district courts are required to issue a scheduling order that limits the time to join other parties and to amend the pleadings. The cutoff to amend pleadings and add parties was December 31, 2025. *See* ECF No. 17 at PageID #: 91, ¶ 11. This cutoff date was set in compliance with Local Rule 16.3(b)(2)(H). Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter* (ECF No. 28), however, was not filed until January 22, 2026.

Plaintiff does not dispute that ECF No. 28 was filed after the Fed. R. Civ. P. 16 cutoff to amend the pleadings had passed. According to Rule 16(b)(4), when the Court has entered a scheduling order that limits the time to join other parties and to amend the pleadings, "[a] schedule may be modified only for good cause and with the judge's consent." In *Inge v. Rock Fin. Corp.*, 281 F.3d 613 (6th Cir. 2002), the Sixth Circuit stated that good cause is primarily measured by the movant's "diligence in attempting to meet the case management order's requirements." *Id.* at 625 (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). Prejudice to the party opposing the modification is not an express component of Rule 16, however, the Sixth Circuit has stated that a district court must consider prejudice to the non-moving party when it decides whether to amend a scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994). If the Court determines that the movant satisfies the requirements of Rule 16(b), then the Court must determine whether the moving party has satisfied the requirements of Rule 15. *Id.* At this stage of the proceedings, Rule 15 asks whether leave should be freely given because justice so requires.

The Hour Report was attached as Exhibit A to the First Amended Collective Action Complaint. *See* ECF No. 12-1. Defendants' Answer to the First Amended Collective Action Complaint (ECF No. 21) and Exhibit 2 (the Labor Matrix) (ECF No. 21-2)[1] were filed on November 17, 2025. Plaintiff asserts that he exercised diligence in attempting to meet the scheduling order because

> Defendants' Answer and Exhibit 2 (the Labor Matrix) provided the concrete billing data necessary to analyze how Defendants' pay system operated in practice together with Plaintiff's time and pay records. That combined analysis revealed the objective exemption failure described above and, in addition, exposed that for certain "canned jobs," Plaintiff was paid more than the labor revenue generated—confirming that the system operates as a piece-rate rather than a commission. These facts were not apparent from the Hour Report alone.

ECF No. 30 at PageID #: 165. After the documents were produced by Defendants, *see* Defendants' Response to Minutes of 1.14.2026 Proceedings (ECF No. 27), Plaintiff needed sufficient time to analyze Defendants' Labor Matrix and job-line data, together with his payroll records, to confirm his position that the pay system operates on a piece-rate rather than a commission basis. Here, Plaintiff has shown good cause for modification of the scheduling order. Moreover, there is very little prejudice to Defendants in allowing the amendment. *Phelps*, 30 F.3d at 662 (the longer the period of an unexplained delay, the less prejudice needs to be shown). Plaintiff's counsel raised the issue of amendment during the status conference held on January 14, 2026. He also conferred with Defense counsel 20 days after the cutoff date to amend the pleadings had passed.

---

[1] Exhibit 2 (ECF No. 21-2) is an undated screen shot of the Labor Charge System Harlans has used for years (including throughout Plaintiff's tenure).

`

**B.**

The Court, therefore, turns to Fed. R. Civ. P. 15(a). Plaintiff's sole ground for seeking leave to amend is "to ensure that the Court's review of the Section 7(i) exemption is based on the objective realities of Defendants' pay structure revealed by the combination of Defendants' Answer and exhibits and Plaintiff's payroll data — facts that could not have been meaningfully pled prior to the amendment deadline." ECF No. 30 at PageID #: 164. Plaintiff contends that the proposed Second Amended Collective Action Complaint (ECF No. 28-1) adds dispositive facts not previously pled and disputes allegations of fact in Defendants' Answer to the First Amended Collective Action Complaint (ECF No. 21).

Rule 15(a)(2) mandates that leave to amend shall be freely given "when justice so requires." As stated by the U.S. Supreme Court:

> . . . In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc,—the leave sought should, as the rules require, be "freely given." . . .

*Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2016). Defendants argue that "[a]llowing amendment now would moot Defendants' refiled Rule 12(c) Motion. Defendants' Opposition (ECF No. 29) at PageID #: 160. Under Rule 15(a), the court has discretion in allowing amendments. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of the trial judge. . . .").

For good cause shown, Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter* (ECF No. 28) is granted.

### III. ECF No. 26

The Court approves the parties' Joint Stipulation and Notice Regarding Defendants' Characterization of Plaintiff's Briefing (ECF No. 33) to correct the record and withdraw the characterizations. The parties also stipulate that the Court "proceed to decide Defendants' Renewed Motion for Judgment on the Pleadings on the merits." ECF No. 33 at PageID #: 193.[2]

The Court requires a party to submit a written request for judgment or to be dismissed to opposing counsel before a party may file a dispositive motion.[3] Opposing counsel shall either agree to the judgment or request for dismissal or shall give explicit reasons in writing for refusing to do so. Upon such refusal, the party shall reassess its position and may file a dispositive motion if the party believes it is still entitled to summary judgment or dismissal. The dispositive motion must be accompanied by a statement certifying that this exchange has occurred. *See* ECF No. 17 at PageID #: 91-92, ¶ 12. Defendants, however, did not submit the required statement certifying that the pre-filing written exchange occurred.

---

[2] Plaintiff also "expressly consents to Defendants' Renewed Motion for Judgment on the Pleadings (Doc. 26) being deemed directed at the Second Amended Complaint and will file his opposition on the current schedule." ECF No. 30 at PageID #: 165. Because Defendants have yet to file an answer to the Second Amended Collective Action Complaint, the pleadings are not closed. *See* *Black v. LaHood*, 882 F. Supp.2d 98, 107 (D.D.C. 2012) (stating that a party may seek judgment on the pleadings, which include a complaint and an answer, only after pleadings are closed).

[3] "'Dispositive Motions' shall mean . . . motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) . . ., or any other motion which, if granted, would result in the entry of judgment or dismissal, or would dispose of any claims or defenses, or would terminate the litigation." Local Rule 16.1(b)(5).

(4:25CV1833)

The pending Renewed Motion for Judgment on the Pleadings (ECF No. 26) predates the Second Amended Collective Action Complaint, which supersedes the First Amended Collective Action Complaint (ECF No. 12) to which the motion is directed. *See Clark v. Johnston*, 413 Fed.Appx. 804, 811 (6th Cir. 2011) (citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010) (stating that "[a] pleading that has been amended under Fed. R. Civ. P. 15(a) supersedes the pleading it modifies" and that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case"); *see also Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (stating that a prior "complaint is a nullity, because an amended complaint [supersedes] all prior complaints").

Accordingly, Defendants' Renewed Motion for Judgment on the Pleadings (ECF No. 26) is denied without prejudice because it is moot due to the filing of the Second Amended Collective Action Complaint *instanter*. *See Vivoda-Klotz v. Trumbull Cnty. Bd. of Comm'rs*, No. 4:22CV1005 (N.D. Ohio Aug. 12, 2022) (Pearson, J.); *Calvert v. GNC Corp.*, No. 4:13CV1697 (N.D. Ohio Oct. 30, 2013) (Pearson, J.).[4]

---

[4] The FLSA "does not require employers to compensate employees on an hourly rate basis; their earnings may be determined on a piece-rate, salary, commission, or other basis, but in such case the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom. . . ." 29 C.F.R. § 778.109. For example: 29 C.F.R. § 778.111 (compensation on piece-rate basis); 29 C.F.R. §§ 778.117–.118 (compensation based in whole or in part upon commission). After additional discovery, the parties can argue at a later stage of the proceedings about whether the FLSA's Section 7(i) commissioned-work exemption to the overtime provisions of the FLSA applies in the case at bar. *See Whitt v. Ziegler Tire and Supply Co.*, No. 5:14CV886, 2015 WL 4715605, at *4-8 (N.D. Ohio Aug. 7, 2015) (Pearson, J.) (finding an automotive technician earned commissions).

## IV. Conclusion

Plaintiff's Motion for Leave to File Second Amended Complaint *Instanter* (ECF No. 28) is granted. The Second Amended Collective Action Complaint is deemed filed as the date of this ruling. Defendants' Renewed Motion for Judgment on the Pleadings (ECF No. 26) is denied without prejudice.

IT IS SO ORDERED.

September 16, 2026
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge